**William C. LEATH, Plaintiff,**

v.

**Arthur S. FLEMMING, Secretary of Health, Education, and Welfare, Defendant.**

**Civ. A. No. 9463.**

United States District Court
N. D. Alabama, S. D.

March 31, 1960.

Morgan & Shores, Birmingham, Ala., for plaintiff.

W. L. Longshore, U. S. Atty., and John P. Maxwell, Asst. U. S. Atty., Birmingham, Ala., for defendant.

LYNNE, Chief Judge.

This is an action brought to review a final decision of the Secretary of Health, Education and Welfare that plaintiff was not so disabled on May 15, 1957, as to preclude him from performing substantial gainful activity. After a careful examination of the record, I am of the opinion that this decision is not supported by substantial evidence.

Plaintiff, born in February, 1899, had an eighth grade education; he was an automobile mechanic for 38 years and has never been otherwise employed. His disability had its onset in 1946 and grew progressively worse; in 1956 he was "let out" of his job because he couldn't do the work.

Dr. J. W. Gramling testified that he has treated plaintiff regularly since October, 1956. At that time plaintiff had a 50 per cent limitation of motion in his elbows and shoulders; there was also involvement in the knees, ankles and

wrists. He further testified that the condition has become much worse since then. The diagnosis, confirmed by X-rays, is osteoarthritis of the spine and rheumatoid arthritis of the joints. Dr. Gramling's judgment in 1957 was that plaintiff would never be able to work for a livelihood.

This was confirmed by Dr. H. A. Campbell, who first treated plaintiff in 1947 and examined him as recently as 1957. Dr. Campbell stated that plaintiff could not perform substantial gainful work and that "he cannot work if any standing or walking or bending is involved."

Dr. Walden White, who examined plaintiff in August, 1957, stated, "The applicant is physically unable to do any kind of physical labor." He also reported substantial X-ray findings.

Dr. L. R. Lonnergan, to whom plaintiff was sent by the Secretary for consultative examination, and on whose report defendant relies strongly, again confirmed the diagnosis of arthritis. A careful analysis of his report has convinced me that it is consistent with the findings of the other doctors. Significantly, Dr. Lonnergan did not—perhaps was not requested to—make a prognosis or express any opinion whatever as to the extent of plaintiff's disability.

Finally, the Secretary lays great stress on the following statement in claimant's application as to what he could do:*

> "I walk quite a lot to keep from getting too stiff, about ½ mile or more a day. I drive a car whenever I want to. Work some in my house and yard, washing dishes, hoe in garden a little, say about 30 minutes at a time."

At the oral hearing testimony elicited with respect to the foregoing was that his walking was in short periods at a time to keep from getting too stiff; his driving was limited to occasional trips to town, a distance of about 2½ miles (had not been over 30 miles from home in four years and would not start a trip to Birmingham—only 60 miles distance); his yard work was limited to cutting the grass in a small yard, a feat he could accomplish with the aid of a power mower which pulls itself if he stops half a dozen times; his garden had to be given up after 1957 because he couldn't work it.

The result reached in this case is so incredible as to be shocking. To approve it would be to make a mockery of justice. The Congress did not intend to hold a promise to the ear of one so hopelessly disabled as this plaintiff only to break it to his hope.

It is accordingly Ordered, Adjudged and Decreed by the court that the decision of the Secretary herein be and the same is hereby reversed.

---

* And apparently ignores this statement as to what he could not do: "My arms and wrist joints swell. I can't stand on my feet too long. I can't sit down too long. If I do, I can't get up again."